UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2012

LETTER TO ALL COUNSEL

    Re:  Elizabeth Neel v. Mid-Atlantic of Fairfield, LLC, Civil No. SAG-10-cv-405

Dear Counsel:

By the parties' consent, this case has been referred to me for all proceedings. [ECF No. 69]. On December 15, 2011, plaintiff Elizabeth Neel filed the pending motion, [ECF No. 74], through which she seeks an order that (i) requires defendant Mid-Atlantic of Fairfield, LLC to show cause for its failure to comply with a subpoena issued by Ms. Neel; (ii) compels Mid-Atlantic to produce certain documents; (iii) holds Mid-Atlantic in contempt of court; and (iv) awards Ms. Neel attorneys' fees and costs associated with this motion. Defendant Mid-Atlantic has opposed the motion and Ms. Neel has filed a reply memorandum. [ECF Nos. 75, 77]. No hearing is necessary. Local R. 105.6 (D.Md. 2011). For the reasons stated herein, Ms. Neel's motion will be DENIED.

This case was originally assigned to Judge Legg, who issued a modified scheduling order calling for the closure of the discovery period on January 14, 2011. [ECF No. 17]. This case was re-assigned to Judge Bredar, and, on January 14, 2011, the parties submitted a joint status report confirming that they had completed discovery. [ECF No. 18]. On October 12, 2011, Ms. Neel's attorney issued a subpoena to Mid-Atlantic that requested Mid-Atlantic produce copies of "all records relating to wages, benefits and/or other compensation, including payroll and bonuses,

records with your company regarding Ms. Elizabeth Neel . . . ." Pl.'s Mem. in Supp. of Mot. for Show Cause Order & to Compel Produc. 2, Exh. A. The subpoena was served on Mid-Atlantic's attorney on October 13, 2011. Pl.s' Mem. 2. Between October 21, 2011 and December 5, 2011, attorneys for the parties corresponded with each other regarding the production of Ms. Neel's payroll records. *Id.* 2-4, Exhs. C-I. Ultimately, Mid-Atlantic produced some, but not all, of the documents that Ms. Neel sought in her October 2011 subpoena. Def.'s Opp. to Pl.'s Mot. ¶ 3.

Ms. Neel asserts that, under Rule 45 of the Federal Rules of Civil Procedure, Mid-Atlantic must either comply with the subpoena or must raise objections to it. Pl.'s Mem. 5. Because Mid-Atlantic has neither produced the relevant documents nor raised objections to the subpoena's scope or validity, Ms. Neel argues, Mid-Atlantic "is in willful disregard for the subpoena and should be ordered to appear before this Honorable Court for non-compliance." *Id*. Mid-Atlantic claims that it has already produced all the relevant documents that it has. Def.'s Opp. ¶ 2-3. Mid-Atlantic further states that it has asked its payroll and benefits vendors to supply copies of the records that they produced to Ms. Neel. *Id*.

As Mid-Atlantic correctly points out, "courts are divided as to whether Rule 45 subpoenas should be served on parties." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 581 (D.Md. Oct. 2010) (citations omitted). The Fourth Circuit has not addressed the issue. Some courts have held that Rule 45 subpoenas may not be used to obtain discovery from parties. *See, e.g., Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass. 1996) ("discovery of documents from a party ... is not accomplished pursuant to Rule 45.... Rule 34 governs the discovery of documents in the possession or control of the parties"). The majority of courts, however, allow Rule 45 subpoenas to be served on parties as well as non-parties. Among this majority, the consensus is that such subpoenas constitute "discovery" and must be utilized prior to the close of

the discovery period. *See, e.g., Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, Docket No. 1:11-MC-45, 2011 WL 6151479 at *2, *3 (M.D.N.C. Dec. 12, 2011); *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-68 (W.D.N.C. May 2010); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122-23 (N.D.Ind. 2001); *Alper v. United States*, 190 F.R.D. 281, 283 (D.Mass. 2000); *Integra Lifesciences I, Ltd., v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D.Cal. 1999). To allow a party "to use Rule 45 to circumvent the requirements of a court-mandated discovery deadline would clearly be contrary" to the traditional interpretation of the Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner that is internally consistent. *Kitchens*, 210 F.R.D. at 566. Put another way, "it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45." *McLean v. Prudential Steamship Co., Inc.*, 36 F.R.D. 421, 425 (E.D.Va. 1965) (discussing older versions of the relevant federal rules). Other than a narrow exception permitting use of Rule 45 to obtain original documents for targeted use at trial where copies have been disclosed during discovery, Rule 45 subpoenas cannot be properly filed and served following the close of the discovery period. *Kitchens*, 210 F.R.D. at 567.

I need not reach the issue of whether Rule 45 subpoenas may be properly served on a party, because, either way, Ms. Neel's October 2011 subpoena was improperly served. If the minority view is correct, then the subpoena could never properly be served on Mid-Atlantic, the defendant in this case. If the majority view is correct, then this subpoena was untimely served nine months after the close of discovery.

The documents requested in Ms. Neel's subpoena are clearly sought for discovery purposes, and not for targeted use at trial. The scope of Ms. Neel's document request dictates this conclusion. She seeks entire categories of documents, rather than itemizing specific original

documents to be used at trial. *See Kitchens*, 210 F.R.D. at 567. Ms. Neel could have requested these documents during the discovery period pursuant to Rule 34.[1] If Mid-Atlantic did not produce them, Ms. Neel could have then filed a motion to compel production. If Ms. Neel realized her need for these documents after the closure of the discovery period, she could have petitioned the Court to re-open discovery in this case. It appears that none of these things happened. At this late date, nine months after discovery has closed, Ms. Neel cannot use a Rule 45 subpoena to obtain documents that should have been sought and obtained during the discovery period via a Rule 34 document production request.

For these reasons, Ms. Neel's Motion For Show Cause Order for Mid-Atlantic of Fairfield, LLC to Explain Its Failure to Comply with Subpoena, Motion for Contempt of Court and to Compel Production of Documents and for Attorneys' Fees and Costs, [ECF No. 74], will be DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] The parties have not suggested that the documents now sought by subpoena were encompassed in Ms. Neel's Rule 34 requests. However, if they were sought in that manner, "[t]he proper steps would have been first to meet and confer with [the Defendant] and, if that proved unsuccessful, to file a motion to compel." *Mezu*, 269 F.R.D. at 582. The use of a subpoena, "which is an order of the Court compliance with which[,] if not quashed by the Court, is punishable by contempt," is not permitted where a motion to compel has not been filed. *Id*. No prior motion to compel appears on the docket in this case.